IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DWAYNE ANTHONY BREWER, SR.,

    Plaintiff,

v.                                   Civil Action No. 5:06CV98
                                          (STAMP)
SCOTT PAUGH, Warden/Superintendent,
MR. TRIGGS, Correctional Officer,
MR. ROBINSON, Correctional Officer,
HEAD OF DEPARTMENT OF TROOP 2 144,
SR. TROOPER J.D. BURKHART,

    Defendants.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING IN PART REPORT
AND RECOMMENDATION OF MAGISTRATE JUDGE**

I.  Background

On August 9, 2006, the pro se plaintiff, Dwayne Brewer ("Brewer"), filed a civil rights complaint pursuant to 42 U.S.C. § 1983. In the complaint, Brewer alleges that on March 9, 2006, he was assaulted in the Eastern Regional Jail by Sr. Trooper J.D. Burkhart and two correctional officers, Mr. Triggs and Mr. Robinson. On August 24, 2006, defendant, Scott Paugh, filed a waiver of reply and alternative motion to dismiss or for summary judgment. On September 25, 2006, the plaintiff filed a response. On September 28, 2006, Trooper Burkhart and Head of Department of Troop 2 144 ("Head of Department") filed an answer to the complaint and a motion to dismiss. On January 10, 2007, the plaintiff filed a "Declaration for Entry of Default" in which he requests that judgment be entered against Officers Triggs and Robinson for failure to file an answer to the complaint. The complaint and

motions to dismiss were referred to United States Magistrate Judge John S. Kaull for initial review and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 83.02 and 28 U.S.C. §§ 1915(e) and 1915(A). Following review of the complaint and motions to dismiss, Magistrate Judge Kaull submitted a report and recommendation. The plaintiff filed two objections to the report and recommendation.

## II. The Complaint

In the complaint, the plaintiff claims that the assault occurred because he refused to give Trooper Burkhart his middle name. The plaintiff alleges that during the assault, Officer Triggs hit him on the side of his head, Officer Robinson kicked him in the groin, and Trooper Burkhart kicked him in the side and put his foot on the plaintiff's neck. Additionally, the plaintiff alleges that he was then taken to segregation and, during the walk to segregation, Officer Triggs forced his hand to the back of his head and slammed him into four or five closed doors. The plaintiff claims that following the assault, he was denied medical treatment while he lay in pain in segregation for three days, unable to eat or use the bathroom. Finally, the plaintiff alleges that the assault was motivated by the fact that he is a black Muslim.

## III. Discussion

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a de novo review of those portions of the magistrate judge's findings to which objection is made. However, failure to

file objections to the magistrate judge's proposed findings and recommendation permits the district court to review the recommendation under the standards that the district court believes are appropriate and, under these circumstances, the parties' right to de novo review is waived. See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Accordingly, this Court will conduct a de novo review only as to the portions of the report and recommendation to which the plaintiff objected. The remaining portions of the report and recommendation to which the plaintiff did not object will be reviewed for clear error.

A.  Claim Against Scott Paugh/Warden of Eastern Regional Jail

In the report and recommendation, Magistrate Judge Kaull recommends that the plaintiff's claim against Scott Paugh[1] be dismissed for failure to meet the required elements of supervisory liability. The plaintiff did not object to this recommendation, thus the recommendation will be upheld unless it is "clearly erroneous."

The magistrate judge correctly noted that there is no respondeat superior liability under § 1983. See Monnell v. Dep't of Social Servs., 436 U.S. 658 (1978). Rather, "liability will lie where it is affirmatively shown that the official charged acted

---

[1] The magistrate judge noted that Scott Paugh is not the Warden of the Eastern Regional Jail where the plaintiff alleges that the assault occurred. Regardless of the plaintiff's misidentification of the Warden, the magistrate judge correctly recognized that the same legal analysis that warrants dismissal of the plaintiff's claim against Scott Paugh equally applies to the actual Warden of the Eastern Regional Jail.

3

personally in the deprivation of the plaintiff's rights," Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1997), or where a subordinate acts pursuant to a policy or custom for which the supervisor is responsible. Fisher v. Washington Metropolitan Area Transit Authority, 690 F.2d 1133, 1143 (4th Cir. 1982), abrogated on other grounds by County of Riverside v. McLaughlin, 500 U.S. 44 (1991).

In this case, the magistrate judge determined that the plaintiff failed to make any allegations that the Warden was personally involved in the alleged assault or any allegations that would establish a claim for supervisory liability. This Court finds no clear error in the magistrate judge's determination. Indeed, the plaintiff failed to make any allegations in the complaint at all that involve the actions of the Warden. Accordingly, because the plaintiff fails to state a claim upon which relief can be granted as to Scott Paugh, the plaintiff's claim against Mr. Paugh must be dismissed.

B. Claim Against Head of Department

As with the plaintiff's claim against Scott Paugh, the magistrate judge recommended the dismissal of the plaintiff's claim against the Head of Department because the plaintiff did not make any allegations which would establish supervisory liability. The plaintiff did not object to the magistrate's recommendation and this Court finds no clear error in the recommendation. Therefore, the plaintiff's claim against the Head of Department is dismissed for failure to state a claim.

C.  Claims Against Officers Triggs and Robinson

In his report, Magistrate Judge Kaull recommends that the plaintiff's claims against Officers Triggs and Robinson be dismissed for failure to exhaust administrative remedies. The plaintiff filed an objection to this recommendation on the grounds that the grievance procedure at the jail is defective and does not comply with 42 U.S.C. § 1997e. Therefore, this Court will conduct a de novo review.

The Prisoner Litigation Reform Act ("PLRA") provides that "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Although exhaustion is generally raised as an affirmative defense, courts may dismiss a case sua sponte on exhaustion grounds. See Anderson v. XYZ Correctional Health Servs., 407 F.3d 674, 681 (4th Cir. 2005).

Here, the plaintiff acknowledges in his complaint that a prisoner grievance procedure is available at the Eastern Regional Jail and that he did not avail himself of that administrative remedy. The plaintiff argues in his objection, however, that he should not be required to use the grievance procedure because it is "defective" and does not comply with the minimum standards set forth in 42 U.S.C. § 1997e. This Court finds no merit in the plaintiff's objection.

In 1996, Congress amended § 1997e such that it no longer provides "minimum standards" for grievance resolution procedures. Additionally, Congress eliminated the discretion of courts to dispense with administrative exhaustion. Booth v. Churner, 532 U.S. 731, 739 (2001). Because the PLRA as amended explicitly requires exhaustion and provides no exception, courts are not free to read futility or other exceptions into the requirement of exhaustion of administrative remedies. Id. at 741. Congress has mandated exhaustion regardless of the relief offered through administrative processes. Id. Consequently, because Congress has mandated otherwise, the plaintiff's argument that his failure to exhaust administrative remedies should be excused is unavailing. Thus, the plaintiff's claims against Officers Triggs and Robinson must be dismissed for failure to exhaust administrative remedies.[2]

D.  Claim Against Sr. Trooper J.D. Burkhart

The magistrate judge recommends that the plaintiff's claim against Trooper Burkhart be dismissed for failure to state a claim upon which relief can be granted. The plaintiff objects to this recommendation by arguing that he suffered physical injuries from

---

[2]Additionally, the plaintiff's motion seeking a declaration of default against Officers Triggs and Robinson because they failed to answer or otherwise defend the plaintiff's complaint is denied. The plaintiff's § 1983 petition was before the magistrate judge for initial screening pursuant to 28 U.S.C. § 1915(e)(2), 28 U.S.C. § 1915A(a) and (b), and Local Rule of Prisoner Litigation Procedure 83.02. Thus, service was not made on the defendants and the filing of an answer or pleading was not required.

the assault.  Because the plaintiff has objected, this Court will review the issue de novo.

In his complaint, the plaintiff claims that he was a victim of excessive force while being held before trial at Eastern Regional Jail.  Because the Eighth Amendment's prohibition of cruel and unusual punishment does not apply until after conviction and sentence, Graham v. Connor, 490 U.S. 386, 392 n.6 (1989), the plaintiff's claim must be analyzed under the Due Process Clause of the Fourteenth Amendment.  Bell v. Wolfish, 441 U.S. 520, 535 n.16 (1979).

Under the Fourteenth Amendment, pretrial detainees are subject to the same protection that prisoners receive via the Eighth Amendment.  Hill v. Nicodemus, 979 F.2d 987, 999 (4th Cir. 1992).  The Eighth and Fourteenth Amendments establish qualified standards of protection for prisoners and pretrial detainees.  Riley v. Dorton, 115 F.3d 1159, 1167 (4th Cir. 1997).  To be actionable under the Fourteenth Amendment, an injury need not be severe or permanent, but it must be more than de minimus.  Id. (plaintiff's injuries of being slapped in the face and having the tip of a pen placed in his nose were de minimis).  To prevail on a claim of excessive force when the injuries sustained are de minimis, the force used must be "repugnant to the conscience of mankind." Norman v. Taylor, 25 F.3d 1263 (4th Cir. 1994) (the plaintiff's swollen thumb caused by the defendant's keys hitting him in the

hand were <u>de minimis</u> and the force was not of the sort repugnant to the conscience of mankind).

Here, the plaintiff alleged in his complaint that the injuries he mainly suffers from are psychological.[3] Because the plaintiff did not make any showing in his complaint of physical injury, as required by 42 U.S.C. § 1997e, the magistrate judge recommended that his claim against Trooper Burkhart be dismissed for failure to state a claim. In his objections to the magistrate judge's recommendation, however, the plaintiff alleged the following physical injuries: pain in his left arm and shoulder, difficulty breathing, problems urinating, and possible nerve damage. Under 28 U.S.C. § 636(b)(1), a "judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate. The judge may also receive further evidence or recommit the matter to the magistrate with instructions." The United States Court of Appeals for the Fourth Circuit has interpreted 28 U.S.C. § 636(b)(1) to mean that when proper objection is made to the magistrate judge's recommendation, the appellant's right to <u>de novo</u> review is established and "a district court is required to consider all arguments directed to that issue regardless of whether they were raised before the magistrate." <u>United States v. George</u>, 971 F.2d 1113 (4th Cir. 1992). Because

---

[3]The plaintiff states that "my main problem I'm suffering is physiology." The plaintiff explains this problem as a fear of being left alone. From this explanation, it appears that the plaintiff confused the term "physiology" with the term "psychology."

8

the plaintiff in this case made proper objection to the magistrate judge's recommendation regarding his excessive force claim against Trooper Burkhart, this Court must consider the new arguments made by the plaintiff. The injuries the plaintiff alleges in his objections include possible nerve damage, difficulty breathing, and problems urinating. Because these injuries are not the typical kind of scrapes and bruises generally considered to be de minimus, this Court declines to adopt the magistrate judge's recommendation that the plaintiff's claim against Trooper Burkhart be dismissed for failure to state a claim. Accordingly, the plaintiff's claim against Trooper Burkhart shall proceed as set forth in Local Rule of Prisoner Litigation Procedure 83.03.

## IV. Conclusion

Because the plaintiff has not objected to the report and recommendation of the magistrate judge regarding his claims against Scott Paugh and the Head of Department and because this Court finds that the magistrate judge's recommendation as to those claims is not clearly erroneous, the ruling of the magistrate judge is hereby AFFIRMED and ADOPTED on those claims and the claims are DISMISSED WITH PREJUDICE. The plaintiff's failure to object to the magistrate judge's proposed findings and recommendation bars the plaintiff from appealing the judgment of this Court on the issues to which he did not object. See 28 U.S.C. § 636(b)(1); Wright v. Collins, 766 F.2d 841, 845 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

Following a de novo review, this Court concludes that the magistrate judge's recommendation regarding plaintiff's claims against Officers Triggs and Robinson is proper and the plaintiff's objections to that portion of the report and recommendation lack merit. Therefore, this Court hereby AFFIRMS and ADOPTS the magistrate judge's recommendation as to plaintiff's claims against Officers Triggs and Robinson and those claims are DISMISSED WITHOUT PREJUDICE. Also upon de novo review, this Court declines to adopt the magistrate judge's recommendation regarding the plaintiff's claim against Trooper Burkhart. Should the plaintiff choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 30 days after the date of the entry of the judgment order. Upon reviewing the notice of appeal, this Court will either issue a certificate of appealability or state why a certificate should not issue in accordance with Federal Rule of Appellate Procedure 22(b)(1). If this Court should deny a certification, the plaintiff may request a circuit judge of the United States Court of Appeals for the Fourth Circuit to issue the certificate.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the plaintiff and to counsel of record herein.

DATED:      February 16, 2007

                                    /s/ Frederick P. Stamp, Jr.
                                    FREDERICK P. STAMP, JR.
                                    UNITED STATES DISTRICT JUDGE