IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DWAYNE ANTHONY BREWER, SR.,

 Plaintiff,

v.                  Civil Action No. 5:06cv98
                     (Judge Stamp)

SCOTT PAUGH, OFFICER TRIGGS,
OFFICER ROBINSON, HEAD OF DEPT.
OF TROOP 2144 AND SR. TROOPER
J. D. BURKHART,

 Defendants.

## ORDER GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION AND DENYING PLAINTIFF'S MOTION FOR APPOINTED COUNSEL

The *pro se* plaintiff initiated this case on August 9, 2006, by filing a civil rights complaint against the above-named defendants. On October 19, 2006, the plaintiff filed a request for appointed counsel.

On January 24, 2007, the undersigned conducted a preliminary review of the complaint and issued a Report and Recommendation ("R&R") in which it was recommended that the plaintiff's claims against Scott Paugh, Trooper Burkhart and Head of Department of Troop 2144 be dismissed for the failure to state a claim. In addition, the R&R also recommended that the plaintiff's claims against Officer Triggs and Officer Robinson be dismissed for the failure to exhaust administrative remedies. In light of these findings, the undersigned denied the plaintiff's request for appointed counsel as moot.

On February 6, 2007, the District Judge affirmed in part and denied in part the R&R. More

specifically, the District Judge affirmed those portions of the R&R that recommended the dismissal of the plaintiff's claims against Scott Paugh, Head of Department of Troop 2144, Officer Triggs and Officer Robinson. However, because the plaintiff provided additional information as to his claims against Trooper Burkhart in his objections to the R&R, the District Judge denied the portion of the R&R which recommended that the plaintiff's claims against Trooper Burkhart be dismissed. Consequently, on February 28, 2007, the undersigned directed that a summons issue for Trooper Burkhart and that the Trooper be directed to file an answer to the complaint. Trooper Burkhart filed an answer on March 19, 2007.

On June 6, 2007, the Court issued its First Order and Notice Regarding Discovery and Scheduling which sets forth the deadlines for all pretrial matters, including discovery. This case is before the court on the plaintiff's letter motion requesting reconsideration of his motion for appointment of counsel.

In his letter, the plaintiff asserts that he is having trouble obtaining information from the West Virginia Regional Jail and Correctional Authority that is necessary to prove his case. In addition, the plaintiff asserts that the defendants have not properly responded to his request for interrogatories and request for production of documents.

To the extent that the plaintiff seeks reconsideration of his previous request for counsel (dckt. 50), that motion is **GRANTED**. Because the plaintiff's prior request was merely terminated as moot, the undersigned will now consider that request on the merits.

In his motion for counsel, the plaintiff asserts that he cannot afford counsel and that he has no legal knowledge or education. Therefore, the plaintiff asserts that his ability to investigate his claims, to conduct discovery and to take this case to trial, are disadvantaged.

2

In contrast to criminal proceedings, appointment of counsel in a civil case is not a constitutional right; it is a decision within the Court's discretion. See 28 U.S.C. § 1915(e)(1). The Court should request counsel to represent an indigent only after a showing of a particular need or exceptional circumstances. Cook v. Bounds, 518 F.2d 779 (4th Cir. 1975). "The question of whether such circumstances exist in any particular case hinges on characteristics of the claim and the litigant." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir 1984).

In this case, the undersigned is of the opinion that the plaintiff has failed to show a particular need or exceptional circumstances which would require the assistance of a trained practitioner. Therefore, the plaintiff's motion for appointed counsel (dckt. 19) is **DENIED**.

IT IS SO ORDERED.

The Clerk is directed to mail a copy of this Order to the *pro se* plaintiff.

DATED: August 3, 2007.

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE