IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DWAYNE ANTHONY BREWER, SR.,

       Plaintiff,

v.                                                                   Civil Action No. 5:06cv98
                                                                   (Judge Stamp)

MR. TRIGGS, MR. ROBINSON,
HEAD OF DEPT. OF TROOP 2144,
J. D. BURKHART, SCOTT PAUGH,

       Defendants.

## OPINION/REPORT AND RECOMMENDATION

### I. Procedural History

On August 9, 2006, the *pro se* plaintiff initiated this case by filing a civil rights complaint against the above-named defendants. Specifically, the plaintiff alleges claims of excessive force, deliberate indifference to serious medical needs and racial and religious discrimination. On August 24, 2006, Scott Paugh filed a Motion to Dismiss or for Summary Judgment. Trooper Burkhart and Head of Department of Troop 2144 filed an answer to the complaint on September 28, 2006.

On January 24, 2007, the undersigned conducted a preliminary review of the file and made the following recommendations:

(1) the plaintiff's claims against Scott Paugh/Superintendent of the Eastern Regional Jail, be dismissed with prejudice for the failure to show personal involvement or to establish the required elements for supervisory liability;

(2) the plaintiff's claims against correctional officers Triggs and Robinson be dismissed without prejudice for the failure to exhaust administrative remedies;

(3) the plaintiff's claims against Trooper Burkhart be dismissed with prejudice for the failure to show any injury resulting from the trooper's alleged use of excessive force; and

(4) the plaintiff's claims against the Head of Department of Troop 2144 be dismissed with prejudice for the failure to allege any personal involvement or to establish supervisory liability.

On February 8, 2007, the plaintiff objected to the Report and Recommendation ("R&R"). Relevant to this opinion is the plaintiff's claim that as result of the excessive force, he allegedly suffers pain in his left arm and shoulder, painful urination, possible nerve damage and problems breathing.

On February 16, 2007, the Honorable Frederick P. Stamp, Jr., United States District Judge, reviewed the plaintiff's objections and conducted a review of the complaint, subsequently affirming and adopting the R&R in part. Specifically, Judge Stamp determined that the petitioner had not objected to the report and recommendation insomuch as it recommended that the plaintiff's claims against Scott Paugh and Head of Department of Troop 2144 be dismissed with prejudice. Accordingly, that portion of the R&R was affirmed and adopted.

In addition, Judge Stamp conducted a *de novo* review of the undersigned's recommendation that the plaintiff's claims against Correction Officers Triggs and Robinson be dismissed without prejudice for the failure to exhaust. Finding no clear error, that portion of the R&R was affirmed and adopted and those defendants were dismissed.

However, upon a *de novo* review of the plaintiff's objections as to Trooper Burkhart, Judge Stamp found that claims of difficulty breathing, painful urination and possible nerve damage are not the "typical kind of scrapes and bruises generally considered to be *de minimus*," and declined to adopt the R&R with respect to the plaintiff's claims against Trooper Burkhart. Therefore, Judge

Stamp directed that the plaintiff's claims against Trooper Burkhart proceed as set forth in LR PL P 83.03.

Accordingly, the plaintiff's only remaining claim in this case is his claim that Trooper Burkhart used excessive force in violation of the plaintiff's constitutional rights.

## II. Contentions of the Parties

### A. The Complaint

In the complaint, the plaintiff asserts that he was assaulted on March 9, 2006, by Trooper Burkhart and Officers Triggs and Robinson. The plaintiff asserts that the assault began after he refused to give his middle name to Trooper Burkhart. The plaintiff further asserts that during the assault, Officer Triggs hit him on the side of the head and that Officer Robinson kicked him in the groin. The plaintiff asserts that Trooper Burkhart kicked him in the side and put his foot on the plaintiff's neck. Afterwards, the plaintiff asserts that he was taken to segregation. Along the way, the plaintiff asserts that Officer Triggs forced his hand to the back of his head and slammed the plaintiff into four or five closed doors. The plaintiff asserts that he was then denied medical treatment and that he lay in segregation in pain for three days, unable to eat or use the bathroom.

### B. Trooper Burkhart's Motion for Summary Judgment

After discovery, Trooper Burkhart filed a Motion for Summary Judgment and Memorandum in Support on November 2, 2007. See dckt. 55. In the motion, Trooper Burkhart asserts that at no time did he use force against the plaintiff. Memorandum at 2. In support of his claim, Trooper Burkhart asserts that he was present on March 6, 2006, when the plaintiff was being processed at the Eastern Regional Jail after being extradited from Maryland. Id. During this process, the plaintiff became agitated and Officer Triggs attempted to escort the plaintiff away. Id. However, the

3

plaintiff pulled away from Officer Triggs.  Id.  Therefore, Officer Triggs and Officer Swiger restrained the plaintiff with reasonably force.  Id.  The plaintiff was then escorted to medical where he reported no injuries. Id.  During this entire time, Trooper Burkhart asserts that he was physically separated from the plaintiff by a counter and that he never used any force against the plaintiff.  Id.  Attached to the defendant's memorandum are copies of the administrative reports filed in conjunction with the incident to which gives rise to this claim.  Id. at Ex. 1-4.  In each, Trooper Burkhart is mentioned for being present, but each report states that only Officer Triggs and Officer Robinson actually used force on the plaintiff.  Id.  Moreover, the defendant attaches a report from the nurse who examined the plaintiff after the incident, showing that plaintiff reported no injuries and that none were visible.  Id. at Ex. 5.

## C.  The Plaintiff's Reply

In his reply to Trooper Burkhart's motion, the plaintiff concedes that he refused to give his name to Trooper Burkhart, precipitating the incident on March 6, 2006.  Reply (dckt. 58) at 2.  The plaintiff asserts that as a result, Officer Triggs called him an ass and hit him "up side his head."  Id.  Additionally, the plaintiff asserts that Officer Robinson kicked the plaintiff in the groin and that Trooper Burkhart kicked the plaintiff in his left side and put his foot on my neck.  Id.  The plaintiff further asserts that while he was being taken to lock-up, his head was slammed against into closed doors and he was being called racial and religious epitaphs.  Id.  The plaintiff seeks the denial of the defendant's motion for summary judgment on the grounds that he has no way to investigate, interview and retrieve declarations from key witnesses because he is incarcerated in Maryland.  Id. at 3.  Attached to the plaintiff's reply is a declaration which avers that the allegations in his complaint are true.  Id.

4

## III. Standard of Review

Under the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admission on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. Rule 56(c). In applying the standard for summary judgment, the Court must review all the evidence "in the light most favorable to the nonmoving party." Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The Court must avoid weighing the evidence or determining the truth and limit its inquiry solely to a determination of whether genuine issues of triable fact exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In Celotex, the Supreme Court held that the moving party bears the initial burden of informing the Court of the basis for the motion and of establishing the nonexistence of genuine issues of fact. Celotex at 323. Once "the moving party has carried its burden under Rule 56, the opponent must do more than simply show that there is some metaphysical doubt as to material facts." Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The nonmoving party must present specific facts showing the existence of a genuine issue for trial. Id. This means that the "party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [the] pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Anderson at 256. The "mere existence of a scintilla of evidence" favoring the non-moving party will not prevent the entry of summary judgment. Id. at 248. Summary judgment is proper only "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." Matsushita, at 587 (citation omitted).

## IV. Analysis

Because it appears that the plaintiff was a pre-trial detainee at the time of the alleged assault, his claim is governed y the Due Process Clause of the Fourteenth Amendment instead of the Eighth Amendment. Bell v. Wolfish, 441 U.S. 520, 535 n. 16 (1979); Martin v. Gentile, 849 F.2d 863, 870 (4th Cir. 1988). Pre-trial detainees are subject to the same protection under the Fourteenth Amendment that prisoners receive via the Eighth Amendment. Hill v. Nicodemus, 979 F.2d 987, 999 (4th Cir. 1980).

While courts should give deference to a jail official's determination of what measures are necessary to maintain discipline and security, "the unnecessary and wanton infliction of pain" constitutes cruel and unusual punishment which is prohibited by the Eighth Amendment. Whitley v. Albers, 475 U.S. 312 , 321-22 (1986). In order for a plaintiff to prove a claim of excessive force, the plaintiff must first establish that "the alleged wrongdoing was objectively 'harmful enough' to establish a constitutional violation." Norman v. Taylor, 25 F.3d 1259, 1262 (4th Cir.1994) (en banc), cert. denied, 513 U.S. 1114 (1995)(quoting Hudson v. McMillian, 503 U.S. 1, 8 (1992)). Second, the plaintiff must show that the prison officials inflicted unnecessary and wanton pain and suffering. Hudson, 503 U.S. at 6; Williams v. Benjamin, 77 F. 3d 756 (4th Cir. 1996).

With regard to prison disturbances, whether unnecessary and wanton pain and suffering was inflicted "ultimately turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.'" Whitley, 475 U.S. at 320-21. In determining whether the defendant acted maliciously and sadistically, the following factors should be balanced: (1) "the need for application of force"; (2) "the relationship between the need and the amount of force that was used"; (3) "the extent of the injury"; (4) the threat reasonably

6

perceived by the responsible official; and (5) "any efforts made to temper the severity of a forceful response." Id. at 321; see also Williams, 77 F. 3d at 762.

Moreover, in the Fourth Circuit, "absent the most extraordinary circumstances, a plaintiff cannot prevail on an Eighth Amendment excessive force claim if his injury is *de minimis*." Norman, 25 F.3d at 1263.[1] A *de minimis* injury reveals that *de minimis* force was used. Id. at 1262. However, the Fourth Circuit has also acknowledged that in certain circumstances a claim may be made even if the injury is *de minimis*. Specifically, the Fourth Circuit has stated:

> There may be highly unusual circumstances in which a particular application of force will cause relatively little, or perhaps no, enduring injury, but nonetheless will result in an impermissible infliction of pain. Cf. Hudson, 503 U.S. at ----, 112 S.Ct. at 1000 ("diabolic" or "inhuman" physical punishment unconstitutional, regardless of injury). In these circumstances, we believe that either the force used will be "of a sort 'repugnant to the conscience of mankind,'" and thus expressly outside the *de minimis* force exception, see Hudson, 503 U.S. at ----, 112 S.Ct. at 1000 (citations omitted), or the pain itself will be such that it can properly be said to constitute more than *de minimis* injury.

Norman, at 1264, n. 4.

In the complaint, the plaintiff asserts that Trooper Burkhart kicked him in the side and put his foot on the plaintiff's neck. As a result, the plaintiff asserts that he suffers from difficulty breathing, painful urination and possible nerve damage. The District Judge has already determined

---

[1] In Norman, a jail officer began swinging his cell keys in the direction of the prisoner's face when the prisoner became disruptive. The prisoner asserted that he put his hands up to cover his face, and the keys hit his right thumb causing his right hand to swell. The Court ruled that the prisoner sustained *de minimis* injuries proving that *de minimis* force was used.
Further, the Fourth Circuit found in Taylor v. McDuffie, 155 F.3d 479 (4th Cir. 1998), cert. denied, 525 U.S. 1181 (1999), that the detainee's medical records revealed that as a result of the incident, the detainee suffered from "abrasions on his wrists and ankles, slight swelling in the jaw area, tenderness over some ribs and some excoriation of the mucous membranes of the mouth" and that such injuries were *de minimis*.
On the other hand, the United States Supreme Court has found that "bruises, swelling, loosened teeth and a cracked dental plate" are not *de minimis*. Hudson at 10.

that these injuries are not the typical types of *de minimis* injuries which would warrant summary dismissal.

Moreover, although the defendant has filed copies of reports which would appear to show that Trooper Burkhart did not inflict any force on the plaintiff, and that even if he did, the plaintiff suffered no injury, those reports have not been verified or authenticated and the plaintiff adamantly disputes that the incident in question occurred in such a manner. In addition, the defendant files no affidavits or declarations to support his version of the incident in question, while the plaintiff has filed a declaration averring, under penalty of perjury, that all of the claims made in the complaint are true. Therefore, viewing the facts in the light most favorable to the plaintiff, there appear to be genuine issues of material fact as to Trooper Burkhart's involvement in the alleged assault against the plaintiff, and whether or not the plaintiff actually suffered any injury as a result of that assault.

## V. Recommendation

For the foregoing reasons, the undersigned recommends that Trooper Burkhart's Motion for Summary Judgment (dckt. 55) be **DENIED** and this case proceed to trial.

Within ten (10) days after being served with a copy of this recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections should also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the pro se petitioner by certified mail, return receipt requested, to his last known address as shown on the docket. The Clerk is further directed to provide copies of this Opinion/Report and Recommendation to counsel of record via electronic means.

DATED: April 21, 2008.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE