IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DWAYNE ANTHONY BREWER, SR.,

    Plaintiff,

v.                                                    Civil Action No. 5:06CV98
                                                                    (STAMP)

SCOTT PAUGH, Warden/Superintendent,
MR. TRIGGS, Correctional Officer,
MR. ROBINSON, Correctional Officer,
HEAD OF DEPARTMENT OF TROOP 2 144,
and SR. TROOPER J.D. BURKHART,

    Defendants.

**MEMORANDUM OPINION AND ORDER**
**AFFIRMING AND ADOPTING REPORT AND**
**RECOMMENDATION OF MAGISTRATE JUDGE**

I.  Procedural History

The pro se plaintiff, Dwayne Brewer, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. In the complaint, the plaintiff alleges that on March 9, 2006, he was assaulted in the Eastern Regional Jail by Sr. Trooper J.D. Burkhart and two correctional officers, Mr. Triggs and Mr. Robinson. The plaintiff brought claims against Trooper Burkhart, Officer Triggs, Officer Robinson, Mr. Scott Paugh, the warden and superintendent of Eastern Regional Jail, and Head of Department of Troop 2 144 ("Head of Department").

On February 16, 2007, this Court entered a memorandum opinion and order affirming and adopting in part a report and recommendation of the magistrate judge, dismissing with prejudice the claims as to Scott Paugh and the Head of Department, and dismissing without prejudice the claims against Officers Triggs and

Robinson. The Court declined to adopt the magistrate judge's recommendation that the plaintiff's claim against Trooper Burkhart be dismissed for failure to state a claim. Accordingly, the plaintiff's only remaining claim is that Trooper Burkhart used excessive force in violation of the plaintiff's constitutional rights.

Thereafter, Trooper Burkhart filed a motion for summary judgment to which the plaintiff responded. Magistrate Judge Kaull considered the defendant's motion for summary judgment, as well as the plaintiff's reply memorandum, and submitted a report and recommendation. In his report, the magistrate judge recommended that the defendant's motion for summary judgment be denied.

Upon submitting his report, Magistrate Judge Kaull informed the parties that if they objected to any portion of his proposed findings of fact and recommendation for disposition, they must file written objections within ten days after being served with a copy of the report. The defendant filed a timely objection.

## II. Facts

In his complaint, the plaintiff claims that the alleged assault occurred because he refused to give his middle name during processing at the Eastern Regional Jail. The plaintiff alleges that during the assault, Officer Triggs hit him on the side of his head, Officer Robinson kicked him in the groin, and Trooper Burkhart both kicked him in the side and put his foot on the plaintiff's neck. Additionally, the plaintiff alleges that he was

then taken to segregation and, during the walk to segregation, Officer Triggs forced his hand to the back of his head and slammed him into approximately four or five closed doors. The plaintiff claims that following the assault, he was denied medical treatment while he lay in pain in segregation for three days, unable to eat or use the bathroom.

Trooper Burkhart filed his motion for summary judgment on November 2, 2007. In this motion, Trooper Burkhart claims that he used no force at any time against the plaintiff. Trooper Burkhart claims that the plaintiff attempted to pull away from Officer Triggs while being processed at the Eastern Regional Jail. Only then, according to Trooper Burkhart, did Officer Triggs and Officer Swiger restrain the plaintiff with reasonable force. Trooper Burkhart alleges that the plaintiff was then escorted to medical where he reported no injuries. During this entire incident, Trooper Burkhart asserts that he was separated from the plaintiff by a counter, and therefore, could not exert any force over the plaintiff.

### III. Legal Standards

A. Motion for Summary Judgment

Under Federal Rule of Civil Procedure 56(c), summary judgment should be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment

as a matter of law." The party seeking summary judgment bears the initial burden of showing the absence of any genuine issues of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). "The burden then shifts to the nonmoving party to come forward with facts sufficient to create a triable issue of fact." Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991), cert. denied, 502 U.S. 1095 (1992) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986)).

"[A] party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 256. The Court must perform a threshold inquiry to determine whether a trial is needed--whether, in other words, "there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Id. at 250; see also Charbonnages de France v. Smith, 597 F.2d 406, 414 (4th Cir. 1979) (Summary judgment "should be granted only in those cases where it is perfectly clear that no issue of fact is involved and inquiry into the facts is not desirable to clarify the application of the law.") (citing Stevens v. Howard D. Johnson Co., 181 F.2d 390, 394 (4th Cir. 1950)).

"[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to

4

establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. Summary judgment is not appropriate until after the non-moving party has had sufficient opportunity for discovery. See Oksanen v. Page Mem'l Hosp., 912 F.2d 73, 78 (4th Cir. 1990), cert. denied, 502 U.S. 1074 (1992). In reviewing the supported underlying facts, all inferences must be viewed in the light most favorable to the party opposing the motion. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

B. Magistrate Judge's Report and Recommendation

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a de novo review of those portions of the magistrate judge's findings to which objection is made. However, failure to file objections to the magistrate judge's proposed findings and recommendation permits the district court to review the recommendation under the standards that the district court believes are appropriate and, under these circumstances, the parties' right to de novo review is waived. See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Because the defendant filed objections, this Court will conduct a de novo review of the report and recommendation.

IV. Discussion

The plaintiff alleges that the defendant, acting in concert and in furtherance of official policy, custom, and training,

violated Brewer's civil rights by using excessive force in an attempt to restrain him during processing at the Eastern Regional Jail. In his motion for summary judgment, the defendant claims that he is entitled to qualified immunity because he did not violate any of the plaintiff's constitutional rights. In the report and recommendation, Magistrate Judge Kaull recommends that Trooper Burkhart's motion for summary judgment be denied because there appears to be genuine issues of material fact regarding Trooper Burkhart's involvement in the alleged assault. This Court agrees.

A. <u>Section 1983 Claim</u>

Before this Court can broach the defense of qualified immunity, this Court must first determine whether the plaintiff's claim is sufficient to put Trooper Burkhart to the task of defending the action.

Title 42, United States Code, Section 1983 provides redress for state action which deprives a citizen of a right, privilege or immunity ensured by the Constitution or law of the United States. <u>See</u> 42 U.S.C. § 1983. A claim of excessive force against a pre-trial detainee is governed by the Due Process Clause of the Fourteenth Amendment. <u>Bell v. Wolfish</u>, 441 U.S. 520, 535 n.16 (1979); <u>Martin v. Gentile</u>, 849 F.2d 863, 870 (4th Cir. 1988). Under the Fourteenth Amendment, pretrial detainees are subject to the same protection that prisoners receive via the Eighth Amendment. <u>Hill v. Nicodemus</u>, 979 F.2d 987, 999 (4th Cir. 1992).

6

Because jail officials are given deference in determining what measures are necessary to maintain discipline and security, "[n]ot every governmental action affecting the interests or well-being of a prisoner is subject to Eighth Amendment scrutiny." Whitley v. Albers, 475 U.S. 312, 319 (1986). Only those actions that cause "the unnecessary and wanton infliction of pain" constitute cruel and unusual punishment prohibited by the Eighth Amendment. Id. (citing Ingraham v. Wright, 430 U.S. 651, 670 (1977)).

Determining whether an unconstitutional infliction of pain has occurred, and whether the pretrial detainee's claim of excessive force has merit, includes both an objective and a subjective component. Norman v. Taylor, 25 F.3d 1259, 1263 (4th Cir. 1994). Under the objective component, a pretrial detainee must establish that the "alleged wrongdoing was objectively 'harmful enough' to establish a constitutional violation." Id. (quoting Hudson v. McMillian, 503 U.S. 1, 8 (1992)). Because officials must often act "in haste, under pressure, and frequently without the luxury of a second chance" when trying to maintain prison disturbances, the pre-trial detainee must also establish that the officials inflicted unnecessary and wanton pain and suffering. Hudson, 503 U.S. at 6; Williams v. Benjamin, 77 F.3d 756, 762 (4th Cir. 1996).

Whether the pre-trial detainee suffered unnecessary and wanton pain and suffering "ultimately turns on 'whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing

7

harm.'" Whitley, 475 U.S. at 320-21 (quoting Johnson v. Glick, 481 F.2d 1028, 1033 (2d 1973)). Several factors are considered when determining whether the official acted maliciously and sadistically, including the following: "(1) the need for application of force, (2) the relationship between that need and the amount of force used, (3) the threat 'reasonably perceived by the responsible officials,' and (4) 'any efforts made to temper the severity of a forceful response.'" Williams, 77 F.3d at 762 (internal citations omitted).

The Fourth Circuit has recognized that a pretrial detainee cannot prevail on an excessive force claim if his injury is de minimis, absent extraordinary circumstances. Norman, 25 F.3d at 1263 (holding that the plaintiff's swollen thumb caused by the defendant official's keys hitting him in the hand were de minimis, and did not qualify as an action repugnant to the conscience of mankind). See also Taylor v. McDuffie, 155 F.3d 479, 482 (4th Cir. 1998) (holding that detainee's injuries were only de minimis when he suffered "abrasions on his wrists and ankles, slight swelling in the jaw area, tenderness over some ribs and some excoriation of the mucous membranes of the mouth"); but see Hudson, 503 U.S. at 10 ("[T]he blows directed at Hudson, which caused bruises, swelling, loosened teeth, and a cracked dental plate, are not de minimis for Eighth Amendment purposes.").

In his complaint and response to Trooper Burkhart's motion for summary judgment, the plaintiff alleges that Trooper Burkhart

8

kicked the plaintiff in the side and put his foot on the plaintiff's neck. Consequently, the plaintiff claims that after the alleged assault, he could not get up to eat or use the bathroom for approximately three days. To date, the plaintiff asserts that he suffers from difficulty breathing, painful urination, and possible nerve damage. These injuries are not the typical kinds of scrapes and bruises generally considered to be de minimis which would warrant summary dismissal.

In his motion for summary judgment, Trooper Burkhart argues that summary dismissal is required because the plaintiff cannot carry his burden of proof that Trooper Burkhart violated his clear constitutional right. To support his contention, Trooper Burkhart attached copies of jail reports that would appear to show that he did not inflict any force on the plaintiff, and that even if he did, the plaintiff suffered no injury. These attachments include four incident reports concerning the facts of the alleged assault completed by several jail officials and a medical report that states, in part, "Inmate Brewer was brought to medical to be checked for injuries. He states 'no injuries.' No visible injuries noted." (Def.'s Br. Summ. J. Ex. 5.)

In his report and recommendation, the magistrate judge found that there appeared to be genuine issues of material fact concerning Trooper Burkhart's involvement in the alleged assault, and therefore summary judgment was not warranted, specifically because the plaintiff, under penalty of perjury, filed a

9

declaration averring that all of the claims made in his complaint and memoranda are true. In contrast, while Trooper Burkhart did submit various reports, none of these reports were verified or authenticated, and Trooper Burkhart submitted no affidavits or declarations to support his version of the incident in question.

Within the required time, Trooper Burkhart filed objections to the magistrate judge's report and recommendation. In his objections, Trooper Burkhart especially argued that the magistrate judge improperly found genuine issues of material fact because the records Trooper Burkhart submitted are self-authenticating business records solidifying that any force used on the plaintiff was done so by Officer Triggs and Officer Swiger. Moreover, Trooper Burkhart alleges that his verified answer and verified response to plaintiff's first set of interrogatories, wherein both he stated that he had no physical contact with the plaintiff, combined with the self-authenticating business records, show that no genuine issue of material facts exist.

This Court finds that Trooper Burkhart's arguments lack merit. "Several circuits, including the Fourth Circuit, have stated that hearsay evidence which is inadmissible at trial, cannot be considered on a motion for summary judgment." Maryland Highways Contractors Ass'n, Inc. v. Maryland, 933 F.2d 1246, 1251 (4th Cir. 1991). The reports that Trooper Burkhart attached to his motion for summary judgment are inadmissible hearsay, and thus, cannot be

considered by this Court in ruling on the motion for summary judgment.

Despite his arguments, Trooper Burkhart's reports do not fit within the hearsay exception of self-authenticating business records. Rule 803(6) of the Federal Rules of Civil Procedure provides, in relevant part, that the following evidence is not excluded by the hearsay rule:

> **Records of Regularly Conducted Activity.** - A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record or data compilation, all as shown by the testimony of the custodian or other qualified witness, <u>or by certification that complies with Rule 902(11), Rule 902(12), or a statute permitting certification</u>, unless the source of information, or the method of circumstances of preparation indicate lack of trustworthiness.

(emphasis added). In turn, Federal Rule of Civil Procedure 902(11) states, in part, that extrinsic evidence of authenticity as a condition precedent to admissibility of the following evidence is not required:

> **Certified Domestic Records of Regularly Conducted Activity.** - The original or duplicate of a domestic record of regularly conducted activity that would be admissible under Rule 803(6) <u>if accompanied by a written declaration of its custodian or other qualified person</u>, in a manner complying with any Act of Congress or rule prescribed by the Supreme Court pursuant to statutory authority, <u>certifying that the record</u> --
>    (A) was made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of those
>    matters;

11

>     (B) was kept in the course of the regularly
>     conducted activity; and
>     (C) was made by the regularly conducted
>     activity as a regular practice.

(emphasis added). Rule 902(12) is inapplicable because the records at issue do not include foreign records.

The four incident reports and the medical record that Trooper Burkhart provides with his motion for summary judgment do not satisfy the hearsay exception of a regularly conducted activity pursuant to Federal Rule of Civil Procedure 803(6). Rule 803(6) clearly states that a record of a regularly conducted activity is only admissible as a hearsay exception if accompanied by <u>the testimony of the custodian or other qualified witness, or by certification that complies with Rule 902(11)</u>. To comply with the certification required by Rule 902(11), the record is only admissible as a self-authenticating record <u>if accompanied by a written declaration of its custodian or other qualified person</u> certifying the record. Trooper Burkhart's reports meet none of these requirements for a self-authenticating business record. Neither the four incident reports nor the medical record are accompanied by a written declaration of its custodian or other qualified person certifying the records. Without this certification, the records are inadmissible hearsay and cannot be considered by this Court in making its summary judgment determination. See <u>Maryland</u>, 933 F.2d at 1251-52.

While the defendant's attached records might also fall under the exception for self-authenticating domestic public documents not

under seal pursuant to Rules 803(8) and 902(2) of the Federal Rules of Civil Procedure, domestic public documents not under seal are only admissible as a self-authenticating exception to hearsay "if a public officer having a seal and having official duties in the district or political subdivision of the officer or employee <u>certifies under seal</u> that the signer has the official capacity and that the signature is genuine." Fed. R. Civ. P. 902(2) (emphasis added). Again, Trooper Burkhart has attached no such certification.

Because no certifications or declarations accompany the records provided by Trooper Burkhart, these records are "hearsay evidence, which is inadmissible at trial, and cannot be considered on a motion for summary judgment." <u>Maryland</u>, 933 F.2d at 1251-52. The failure to certify the authenticity of the records by Trooper Burkhart makes those records non-existent in the eyes of the Court at this point. Without more, the plaintiff's verified complaint remains, creating a genuine issue of material fact when viewing the facts in the light most favorable to the plaintiff, and requiring Trooper Burkhart to further defend this action.

Finally, although Trooper Burkhart claims in his objection to the magistrate judge's report and recommendation that his verified answer and verified response to plaintiff's first set of interrogatories conclude that he had no physical contact with the plaintiff, this Court finds that these verified documents were not provided to the Court. While this Court has before it the

13

defendant's answer to the complaint, the answer is not verified. Furthermore, Trooper Burkhart has not provided to the Court any response to plaintiff's first set of interrogatories, no less a verified response. Accordingly, this Court affirms the magistrate judge's report and recommendation that genuine issues of material fact exist concerning Trooper Burkhart's involvement in the alleged assault.

B.  <u>Qualified Immunity Affirmative Defense</u>

Even so, Trooper Burkhart claims that his motion for summary judgment should nonetheless be granted because he is entitled to qualified immunity. Analysis of a qualified immunity defense by a jail official requires a two-part inquiry. <u>Saucier v. Katz</u>, 533 U.S. 194, 201 (2001). The first question is whether the facts alleged, when viewed in the light most favorable to the injured party, "show the officer's conduct violated a constitutional right." <u>Id.</u> If the facts alleged fail to make this showing, the inquiry is at an end, and the official is entitled to summary judgment. See <u>id.</u> If, however, the facts alleged do show a constitutional injury, the second question is whether the constitutional right was clearly established at the time of the violation. <u>Id.</u> Qualified immunity is abrogated only upon a showing that the officer's conduct violated a constitutional right and that such right was clearly established at the time the conduct occurred. <u>Id.</u>

14

The question is not whether the Fourteenth Amendment prohibition against the use of excessive force was clearly established at the time. Rather, it is a more specific inquiry into whether a clearly established prohibition existed against the application of the particular force used under the particular circumstances in which it was used. See id. However, that a defendant's conduct constitutes a constitutional violation under clearly established law "does not require that the 'very action in question [have] been previously held unlawful[.]'" Robles v. Prince George's County, 302 F.3d 262, 270 (4th Cir. 2002) (quoting Wilson v. Layne, 526 U.S. 603, 615 (1999) (internal citations and quotation marks omitted)). Rather, the proper inquiry is whether the unlawfulness of the conduct would have been apparent to a reasonable officer under the circumstances in light of pre-existing law. Saucier, 533 U.S. at 201-02; Wilson, 526 U.S. at 609.

In this action, the question is (1) whether the force used by Trooper Burkhart was excessive, thereby constituting a constitutional injury, where such force was used to restrain a pretrial detainee who was attempting to pull away from a jail official during processing; and, (2) if the force was excessive, whether a reasonable official under the circumstances would have known that such force was unlawful.

Before this Court begins its qualified immunity analysis, it notes that the magistrate judge did not address the defense of qualified immunity in his report and recommendation. Under 28

U.S.C. § 636(b)(1), however, "a judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate. The judge may also receive further evidence or recommit the matter to the magistrate with instructions." See also United States v. Raddatz, 447 U.S. 667, 683 (1980) (holding that delegation to a magistrate judge "does not violate Art. III so long as the ultimate decision is made by the district court"). In Ivy v. Sec'y of Health & Human Servs., 976 F.2d 228, 290 (6th Cir. 1992), the court held that a district court erred when it refused to consider a contention which the magistrate judge also had not addressed. Thus, this Court finds that it has broad authority to address the defense of qualified immunity despite its absence in the magistrate judge's report and recommendation. Because Trooper Burkhart drew this Court's attention to the magistrate judge's error in objections to the report and recommendation, this Court will conduct a de novo review of this issue. See 28 U.S.C. § 636(b)(1)(C).

Once a defendant properly asserts the defense of qualified immunity, the plaintiff bears the burden of proof on the first question, here, whether the force used by Trooper Burkhart was excessive and thereby constituted a constitutional violation. Henry v. Purnell, 501 F.3d 374, 377 (4th Cir. 2007). See also Bryant v. Muth, 994 F.2d 1082, 1086 (4th Cir. 1993) ("Once the defendant raises a qualified immunity defense, the plaintiff carries the burden of showing that the defendant's alleged conduct

violated the law."). As discussed above, this Court has found that a genuine issue of material fact exists as to whether the plaintiff has suffered a constitutional injury. This fact alone defeats Trooper Burkhart's summary judgment motion. This Court cannot say as a matter of law that the plaintiff did not suffer a constitutional injury therefore ending the analysis and entitling Trooper Burkhart to qualified immunity. Likewise, this Court also cannot find as a matter of law that a constitutional injury did occur, sufficiently moving this Court forward to the second inquiry under <u>Saucier</u>, whether that constitutional right was clearly established. See <u>Smith</u>, 597 F.2d at 414. Because summary judgment "should be granted only in those cases where it is perfectly clear that no issue of fact is involved and inquiry into the facts is not desirable to clarify the application of the law," summary judgment is not appropriate in this case, and the defendant's motion is denied. <u>Id.</u>

Nevertheless, even if no genuine issues of material fact existed, and this Court held that the plaintiff suffered a constitutional injury, this Court still could not grant Trooper Burkhart's motion for summary judgment. If the force was excessive, Trooper Burkhart would still be entitled to qualified immunity if a reasonable official under the circumstances would not have known that such force was unlawful. "The defendant bears the burden of proof on [this] second question[.]" <u>Henry</u>, 501 F.3d at 378. Trooper Burkhart has not met this burden. The whole of

17

Trooper Burkhart's motion for summary judgment is spent arguing that the plaintiff cannot meet _his_ burden in proving that Trooper Burkhart's alleged conduct violated a constitutional right. Trooper Burkhart's sole basis of attack in his motion is a factually-based attack which fails at this juncture of the case because he has not supplied any evidence.

Indeed, Trooper Burkhart does state in his motion for summary judgement that even if the plaintiff can prove that he suffered a constitutional injury, "the right cannot said to be 'clearly established' in that the a [sic] reasonable force can be used in the face of resistance." (Def.'s Br. Summ. J. 5.) Nevertheless, Trooper Burkhart's motion for summary judgment includes no facts, no arguments, and no analysis supporting this contention. See McCray v. Burrell, 516 F.2d 357, 370 (4th Cir. 1975) ("[D]efendants may not avail themselves of the defense until they have proved that they had a good-faith belief in the legality of what they did. Since what is sought to be proved is a matter of defense, the burden of proof is upon them. In order to sustain that burden, we perceive certain subsidiary facts that must be established."). Trooper Burkhart has provided nothing to sustain his burden. Accordingly, this Court would deny summary judgment under this prong of the Saucier analysis, as well.

## V. Conclusion

Following a de novo review, this Court hereby AFFIRMS and ADOPTS the magistrate judge's report and recommendation in its

18

entirety. For the reasons stated above, it is ORDERED that the defendant's motion for summary judgment be DENIED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the plaintiff and to counsel of record herein.

DATED: September 29, 2008

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE